UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMOND DESHON SMITH,

       Petitioner,

v.                                                     CASE NO. 2:17-CV-10512
                                                   HONORABLE VICTORIA A. ROBERTS

J. A. TERRIS,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
THE PETITION FOR A WRIT OF HABEAS CORPUS**

### I. Introduction

Federal prisoner Demond Deshon Smith ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentencing enhancement. He seeks the vacation of his sentence and a remand for re-sentencing.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must

summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, and for the reasons stated herein, the Court concludes that the petition must be dismissed.

## II.  Facts and Procedural History

On October 18, 2012, Petitioner pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g) in the United States District Court for the Eastern District of Michigan. On April 11, 2013, he was sentenced, as an armed career criminal, to 144 months imprisonment. *United States v. Smith*, No. 2:12-CR-20103 (E.D. Mich.) (Rosen, J.). His direct appeal to the United States Court of Appeals for the Sixth Circuit was dismissed as untimely. *United States v. Smith*, No. 13-1741 (6th Cir. Aug. 15, 2013).

Petitioner then filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 with the District Court, which was denied on November 17, 2015. *United States v. Smith*, Nos. 2:12-CR-20103, 2:14-CV-12862 (E.D. Mich.) (Rosen, J.). The District Court denied Petitioner's Motion to Alter or Amend the Judgment on December 30, 2015 and denied his Motion for a Certificate of Appealability on May 3, 2016. *Id.* The Sixth Circuit also denied a certificate of appealability. *Smith v. United States*, No. 16-1122 (6th Cir. Sept. 15, 2016). The United States Supreme Court recently denied certiorari. *Smith v. United States*, No. 16-7447 (U.S. Feb. 22, 2017).

In the interim, on September 19, 2016, Petitioner filed a Motion to Supplement or Amend his Motion to Vacate Sentence under 28 U.S.C. § 2255 with the District Court based upon the Supreme Court's ruling in *Mathis v. United States*, _ U.S. _, 136 S. Ct. 2243 (June 23, 2016). The

District Court treated the request as a second or successive motion to vacate sentence and transferred the matter to the Sixth Circuit on January 30, 2017. *Smith v. United States*, Nos. 2:12-CR-20103, 2:14-CV-12862 (E.D. Mich.) (Rosen, J.). The matter remains pending in the Sixth Circuit.

Petitioner dated the instant habeas petition on February 12, 2017 and it was filed by this Court on February 15, 2017. In his current pleadings, Petitioner asserts that he is entitled to habeas relief because one of his Michigan predicate offenses is not a serious drug offense that can be used to enhance his sentence past the statutory maximum under the Armed Career Criminal Act in light of *Mathis, supra*. Petitioner asserts that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective and that he is actually innocent of the enhanced sentence.

### III. Discussion

Petitioner brings this action as a habeas petition under 28 U.S.C. § 2241. His habeas claim, however, concerns the validity of his federal felon in possession sentence. A motion to vacate sentence under 28 U.S.C. § 2255 filed with the trial court is the proper avenue for relief on a federal prisoner's claims that his conviction and/or sentence were imposed in violation of the federal constitution or federal law. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see also McCully v. United States*, 60 F. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *see also Wooton v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Charles*, 180 F.3d at 758.

Petitioner asserts that he should be allowed to proceed under § 2241 because he already filed a motion to vacate sentence under § 2255 raising other grounds for relief, which was denied. The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not generally meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, because the petitioner is time-barred or otherwise procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756. Moreover, § 2255 allows a criminal defendant to seek relief based upon a change in the law and even to bring a second or successive motion under limited circumstances.

The possibility that Petitioner may not be able to satisfy the procedural requirements under § 2255 does not mean that he should be allowed to proceed under § 2241. *See Peterman*, 249 F.3d at 461 ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that allowed by § 2255. *Charles*, 180 F.3d at 758.

Petitioner also asserts that he should be allowed to proceed under § 2241 via the "savings clause" of § 2255 because he is actually innocent of his sentencing enhancement based upon *Mathis*. This argument, however, puts the cart before the horse. Petitioner fails to show that his remedy under § 2255 is inadequate or ineffective. Court records indicate that he currently has a request to

proceed on a second or successive motion to vacate sentence under § 2255 pending before the Sixth Circuit. Given that Petitioner may be allowed to proceed on such a second or successive motion, he fails to establish that his remedy under § 2255 is inadequate or ineffective. He is thus not entitled to proceed under 28 U.S.C. § 2241 at this time. This matter must therefore be dismissed.

### IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is challenging the validity of his federal felon in possession sentence and that he fails to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. His claim is improperly brought under 28 U.S.C. § 2241. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Petition for a Writ of Habeas Corpus.

Lastly, the Court notes that a Certificate of Appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED.**

    S/Victoria A. Roberts
    VICTORIA A. ROBERTS
    UNITED STATES DISTRICT JUDGE

Dated: February 24, 2017